FRANKLIN ET AL., APPELLEES, *v.*
COLUMBUS BOARD OF EDUCATION,
APPELLEE; OHIO ASSOCIATION OF
PUBLIC SCHOOL EMPLOYEES,
APPELLANT.

(No. 80AP-732—Decided March 31, 1981.)

*Messrs. DiRosario, Precario & Pavlic* and *Mr. Peter A. Precario,* for appellees Margaret Franklin and Richard Lares.

*Mr. Lawrence H. Braun,* for appellee Columbus Board of Education.

*Messrs. Lucas, Prendergast, Albright, Gibson, Newman & Gee, Mr. Peter J. Gee* and *Mr. John F. Gillespie,* for appellant.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

Defendant-appellee, the Columbus Board of Education (board), and the defendant-appellant, the Ohio Association of Public School Employees (OAPSE), on May 3, 1977, entered into a "Collective Bargaining Agreement," effective from July 1, 1977 to June 30, 1980. In accordance with such agreement, the board recognized OAPSE as the exclusive bargaining representative for all employees in a bargaining unit which included all full- and part-time civil service employees of the school district, but excluded administrative and supervisory personnel. Plaintiffs-appellees, Margaret Franklin and Richard Lares (appellees), are members of OAPSE.

The Collective Bargaining Agreement includes a dues deduction provision which reads as follows:

"ARTICLE II — ASSOCIATION SECURITY AND DUES CHECKOFF

"2.1 — The Board agrees to deduct from or check off on the wages of employees for the payment of dues to OAPSE for the period of time indicated in the Payroll Deduction Authorization Cards, upon presentation of a written authorization individually executed by any employee. Such authorization shall be in the following form:
"* * *

"Pursuant to Section 9.41 of the Revised Code of Ohio, I hereby authorize the Columbus Board of Education to deduct from my wages the current OAPSE membership dues and pay them to OAPSE according to the current deduction plan. The undersigned reserves

the right to revoke this authorization between the 21st day and 31st day of August each year hereafter upon written notice to the Clerk-Treasurer during such period. If not so revoked, this authorization shall automatically be renewed from year to year. This authorization replaces and cancels any prior authorization made by me."

Further, Section 2.4, Article II of the agreement also provides the following:

"Dues deduction authorization shall be irrevocable for periods of one year except that authorization may be withdrawn during a period of ten days each year ending August 31. If dues deduction is not revoked during such period it shall continue for successive periods of one year."

Appellee Margaret Franklin, on August 30, 1979, delivered to the board more than one hundred dues deduction revocation statements. The revocation statements had an execution date of March 16, 1979, which is over five months prior to the ten-day revocation period included in the Collective Bargaining Agreement. Ms. Franklin had secured such revocations about the time of their delivery to her. (Some of the revocations were delivered in March 1979, but the board would not accept them at that time.) The board recognized and approved the revocation statements as of August 30, 1979.

Whereupon, OAPSE filed a grievance with the board charging the board with breach of Article II of the contract. An arbitrator decided the issues in OAPSE's favor. Hence, the board resumed the deduction of dues from the wages of employees who had filed the revocation statements.

Appellees did not pursue internal grievance procedures. Rather, on September 21, 1979, they filed this class action suit, on behalf of themselves and other board-employed school bus drivers, seeking a declaration that the board's failure to honor their dues deduction revocations violated R.C. 9.41, and an in-

junction prohibiting the board from deducting dues from the wages of class members. The parties agreed to submit the case to the Court of Common Pleas of Franklin County on a "Stipulation of Facts," among which includes Stipulation of Fact No. 9, as follows:

"Margaret Franklin, a member of plaintiff class, delivered to the Board on August 30, 1979, notices that were signed in March of 1979, and further described above in paragraph 7. If called to testify today, individual members of the plaintiff class would testify that they wanted the notices filed with the Board in August, even though they signed them in March. Furthermore, the Board accepted the notices so delivered on August 30, 1979, and complied with the request set forth therein."

The trial court held, in a decision on August 25, 1980, and a "Decision and Entry" of September 16, 1980, that the provisions in the Collective Bargaining Agreement concerning dues deduction revocations conflicted with R.C. 9.41 and that the class had effectively revoked their dues deduction authorizations *pursuant to the statute* by their written notice in March 1979.

OAPSE has perfected this appeal, including the following assignments of error:

"I. The court below erred by finding that the portion of the Collective Bargaining Agreement between appellant OAPSE and the Columbus Board of Education, Article II, Sections 2.1 and 2.4, which puts a time limit restriction on an employee's right to revoke his or her prior authorization to deduct dues from wages, contravenes the provisions of R.C. 9.41, and is thus unenforceable.

"II. The court below erred by finding that whatever protections appellees enjoyed under R.C. 9.41 were waived by them when they chose to join appellant OAPSE and elected to pay dues by checkoff as provided for in the Collective Bargaining Agreement with the Columbus Board of Education.

"III. The court below erred by finding that appellees effectively revoked their dues deduction on authorizations in March, 1979, by tendering to the Board of Education at that time notification that they desired to revoke such authorization.

"IV. The court below erred by failing to find that appellees should have, but failed to, pursued and exhausted internal union remedies available to them prior to bringing this lawsuit."

OAPSE's first assignment of error is well taken. The provisions of R.C. 9.41 are the crux of the case; that statute reads, in pertinent part, as follows:

"Notwithstanding section 1321.32 of the Revised Code, the state of Ohio and any of its political subdivisions or instrumentalities *may* checkoff on the wages of public employees for the payment of dues to a labor organization or other organization of public employees upon written authorization by the public employee. Such authorization *may* be *revocable* by written notice *upon the will of the employee.*" (Emphasis added.)

The authorization each appellee-employee executed, as set forth in the Collective Bargaining Agreement, specifically incorporated R.C. 9.41. Hence, the right to revoke the authorization may be enforced "upon the will of the employee." The statute, however, also contains the phrase "may be revocable," which connotes that it is discriminatory with the employee as to whether and upon what conditions the authorizations may be revoked. Consequently, appellees could agree to limit the revocability of their dues deduction authorization, without being inconsistent with the statute. Appellees, however, could not revoke their authorizations in March; but, they could revoke them in August, according to the terms of the authorization. Therefore, OAPSE's first assignment of error is sustained.

OAPSE's second assignment of error is not well taken. The authorizations specifically limited the right of revocation to a ten-day time span between August 21 and August 31, upon written notice. Although the authorizations do not conflict with R.C. 9.41, appellees' authorizations plainly reflect a waiver of the revocation provisions of R.C. 9.41 for one year. The authorizations were specifically for one year and could be revoked at the end of that year. Hence, OAPSE's second assignment of error is overruled.

OAPSE's third assignment of error is that revocation can be effective only at the end of the authorization year, as per appellees' authorizations, rather than in March as the trial court determined. It does not matter in this case that the dues deduction revocations were dated March 16, 1979, since they were refiled on August 30, 1979. This fact, coupled with the above-quoted Stipulation of Fact No. 9, indicates that the revocations were *effective* at the end of the authorization year, *i.e.*, August 31, 1979, rather than August 30, 1979. Hence, OAPSE's third assignment of error is sustained.

OAPSE's fourth assignment of error is not well taken. Appellees were not required to submit to arbitration as they were not a party to the Collective Bargaining Agreement between OAPSE and the board. Thus, they were not obliged to pursue arbitration in order to exhaust their internal union remedies. In any event, the record does not indicate such action was an adequate remedy. Therefore, OAPSE's fourth assignment of error is overruled.

Accordingly, OAPSE's second and fourth assignments of error are overruled. OAPSE's first and third assignments of error are sustained. Whereupon, the judgment is affirmed but modified, with revocation to be effective August 31, 1979, in accordance with the determination of the first and third assignments of error.

*Judgment accordingly.*

STRAUSBAUGH, P.J., and WHITESIDE, J., concur.